**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GABRIELA GALVEZ DE RAMIREZ, | No. 08-74343 |
| Petitioner, | Agency No. A079-520-744 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2012[**]

Before:     CANBY, GRABER, and M. SMITH, Circuit Judges.

Gabriela Galvez De Ramirez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order denying her

motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Iturribarria v. INS*, 321 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

889, 894 (9th Cir. 2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioner's motion to reopen based on ineffective assistance of counsel. Petitioner's evidence is not sufficient to show that the alleged ineffective assistance of counsel may have affected the outcome of the proceedings. *See id.* at 901-02 (requiring prejudice to prevail on ineffective assistance claim). In addition, petitioner cannot establish ineffective assistance based on the actions leading to the institution of her removal proceedings. *See Lara-Torres v. Ashcroft*, 383 F.3d 968, 973-75 (9th Cir. 2004), *amended by* 404 F.3d 1105 (9th Cir. 2005) (no ineffective assistance where representative's incorrect advice led to issuance of Notice to Appear and petitioner was ineligible for relief).

The BIA's denial of petitioner's motion to reopen based on changed country conditions was not an abuse of discretion because petitioner did not establish prima facie eligibility for relief. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (evidence must demonstrate prima facie eligibility for relief warranting reopening based on changed country conditions).

We lack jurisdiction to consider petitioner's contention that she and her children are eligible for asylum and withholding of removal as members of a

2                                                                                          08-74343

particular social group of "Mexicans who have come from the United States who are targeted as victims of violent crimes" because she did not raise this claim to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**